## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Zacharia Lockhart,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 8, 2017

Court of Appeals Case No.
16A01-1702-CR-430

Appeal from the Decatur Superior Court

The Honorable Matthew Bailey, Judge

Trial Court Cause No.
16D01-1606-F6-509

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Zacharia Lockhart (Lockhart), appeals his sentence for theft, a Level 6 felony, Ind. Code § 35-43-4-2(a)(1)(C)(i).

We affirm.

# ISSUE

Lockhart presents us with one issue on appeal, which we restate as: Whether his sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

On the evening of August 26, 2015, Noel Vaughn (Noel) returned home from work. When he entered his bedroom, he noticed the dresser drawers had been pushed in too far. Upon a closer examination, he discovered that money had been taken—an older five dollar bill and some older two dollar bills, as well as some half dollar coins. A jewelry box sat on top of the dresser. When he opened up the box, Noel noticed that three necklaces, his old wedding ring, and a tiger's eye ring were missing. The tiger's eye ring was very sentimental to Noel as it had belonged to his father.

Noel contacted his son, Nick Vaughn (Nick), who resided at Noel's residence. Nick informed him that Lockhart had been in the house that day but had left sometime after Nick had fallen asleep. Lockhart was a frequent visitor to the residence and had been in the house many times in the weeks before August 26,

2015. After discussing the situation, Noel and Nick determined that Lockhart had more than likely taken the items to a local pawn shop. When Noel visited the pawn shop and described the items, the store employee informed him that the jewelry had been sent to be melted down. The store receipt reflected that Lockhart had pawned three necklaces and one ring on August 18, 2015, in exchange for $241.90. After being contacted by Nick, Lockhart's sister eventually returned a five dollar bill, a two dollar bill, and Noel's old wedding ring.

[6] On June 21, 2016, the State filed an Information, charging Lockhart with theft, as a Level 6 felony. On November 30, 2016, Lockhart was tried *in abstentia*. At the close of the evidence, the jury found him guilty as charged. On January 30, 2017, the trial court sentenced Lockhart to 900 days executed, with 180 days suspended to probation.

[7] Lockhart now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[8] Lockhart contends that the trial court abused its discretion by imposing a sentence which is inappropriate in light of the nature of the offense and his character. Pursuant to Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the question is not whether another sentence is more appropriate, but whether the sentence imposed is

inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The principal role of appellate review is to "leaven the outliers;" it is "not to achieve a perceived correct result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The appropriateness of the sentence turns on this court's "sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad other factors that come to light in a given case." *Id*. at 1224. The defendant carries the burden of persuading this court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). To successfully carry his burden, "[t]he defendant must show that his sentence is inappropriate in light of both his character and the nature of the offense." *Williams v. State*, 891 N.E.2d 621, 633 (Ind. 2006).

[9] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The sentencing range for a Level 6 felony is between six months and three years, with the advisory sentence being one and one half years. *See* I.C. § 35-50-2-7. Here, the trial court sentenced Lockhart to a sentence of 900 days executed, with 180 days suspended. With respect to the nature of these offenses, we reiterate that Lockhart stole money and jewelry, some of which had sentimental value, of the father of a friend, while being a guest in the father's residence.

[10] Turning to Lockhart's character, we note that, at age 25, Lockhart has a criminal history which includes similar previous offenses. In 2013, Lockhart was convicted of criminal mischief. In 2014, he pled guilty to misdemeanor

conversion and, the following year, he pled guilty to two Counts of level 6 felony theft. Lockhart received probation for both the misdemeanor and felony charges, and he was on probation for the Level 6 felony theft when he committed the instant offense. In addition, Lockhart had three pending cases in two different counties. He has been arrested for Class A misdemeanor resisting law enforcement and legend drug injection devices. Lockhart's failure to appear for trial demonstrates an obvious disrespect for the court and the legal system. While we agree with Lockhart that some "pilfered possessions" were returned, we also note that the evidence reflects that these items were returned by Lockhart's sister, not by him. (Appellant's Br. p. 9). Although Lockhart claims that he "didn't cause serious harm to property," we agree with the trial court's sentiment that we "don't know if he harmed the property or not. He stole the property." (Transcript p. 120). In light of the evidence before us, we conclude that Lockhart failed to persuade us that the nature of the crime and his character provide a reason to revise his sentence.

# CONCLUSION

[11] Based on the foregoing, we conclude that the trial court properly sentenced Lockhart.

[12] Affirmed.

[13] Robb, J. and Pyle, J. concur